UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:17 cr 47 (SRU) |
| v. | |
| THOMAS J. CONNERTON and JEAN S. ERICKSON | |

## GOVERNMENT'S MOTION FOR DETENTION OR RELASE ON CONDITIONS

The United States of America respectfully moves this Court for detention, pending a set of conditions or combination of conditions that will: (i) secure the defendants presence at all future hearings, (ii) protect the victim-witnesses from any effort to tamper with them or seek to influence their testimony, and (iii) protect the victim-investors from any further economic harm.

In the criminal Indictment captioned *United States v. Connerton et al*, 17 cr 47 (SRU), Defendant Connerton is charged with multiple counts of securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5, which is a criminal violation of the securities fraud statute. Connerton is also charged with multiple counts of wire fraud in violation of 18 U.S.C. § 1343, mail fraud in violation of 18 U.S.C. § 1341, engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957, and money laundering in violation of 18 U.S.C. § 1956(h).

The allegations in the Indictment include, *inter alia,* making materially false and fraudulent representations about Safety Tech, including that multiple major glove manufacturers were interested in Safety Tech's technology and that a lucrative licensing deal or sale of the company was imminent (Indictment at ¶ 28); that there was potential for a return of ten (10) times their investment (Indictment at ¶ 21), and false representations and material omissions or

1

half-truths regarding the status of Safety Tech's patent application (Indictment at ¶ 19). The Indictment also charges Connerton with making materially false and fraudulent representations regarding the value of the company (Indictment at ¶ 21), and making false representation that investor money would be used to fund the business of the company when instead it was diverted for Connerton's own use and benefit. (Indictment at ¶ 30).

The Indictment also charges Jean Erickson (who lives with and is engaged to Connerton) with money laundering in violation of 18 U.S.C. § 1957 and § 1956(h) based on the movement of funds and conducting financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activities, that is, proceeds of wire fraud, mail fraud and securities fraud as described in the Indictment, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity. (Indictment at ¶ 46). The allegations of money laundering and money laundering conspiracy include the allegation that Connerton and Erickson engaged in the monetary transactions in an attempt to conceal the nature and source of funds received from the fraudulent sale of Safety Tech Securities and in an attempt to prevent the authorities and regulators, including the Federal Bureau of Investigations and the SEC, from locating the funds. (Indictment at 54).

**Legal Discussion**

The Bail Reform Act of 1984 provides that a court should order a defendant detained pending trial if "no conditions or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e). The Second Circuit has interpreted Section 3142(e) to require a district court to engage in a two-step inquiry before ordering a defendant released or detained pending trial. *United States v. Shakur*, 817 F.2d 189, 194-95 (2d Cir. 1987) (citing *United States v. Berrios Berrios*, 791 F.2d 246, 250 (2d Cir. 1986)).

First, the court must make a finding as to whether the defendant presents a risk of flight if not detained. *Shakur*, 817 F.2d at 194-95 (*citing United States v. Martir*, 782 F.2d 1141, 1146 (2d Cir. 1986) (listing factors to be considered in making a finding whether a defendant presents a risk of flight)). Second, if the court finds that a defendant is a risk of flight, then the court must proceed to the second step of the inquiry, and determine whether there are conditions or a combination of conditions which reasonably will assure the presence of the defendant at trial if he is released. *Shakur*, 817 F.2d at 194-95.

The burden of proof is on the Government to prove the absence of such conditions by a preponderance of the evidence. *Id. See United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir.1985). Among the factors that a district court must take into account in conducting this inquiry are: (i) "the nature and circumstances of the offense charged," 18 U.S.C. § 3142(g)(1); (ii) "the weight of the evidence against the person;" 18 U.S.C. § 3142(g)(2); (iii) "the history and characteristics of the person" 18 U.S.C. § 3142(g)(3) and (iv) "the nature and seriousness of the danger to any person or community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Included in the history and characteristics of a person are, *inter alia*, his character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, and record concerning appearance at court proceedings. 18 U.S.C. § 3142(g)(3)(A). *See United States v. Hollender*, 162 F. Supp.2d 261, 264 (S.D.N.Y. 2001) (detaining defendant on the basis of risk of flight where defendant had been indicted of over 30 counts of fraud and faced a total of 121-151 months of imprisonment).

**<u>Nature and Seriousness of the Offense</u>.**

This is a very serious crime. The defendant was indicted by a Grand Jury on March 7, 2017. The defendant is charged in a thirty-eight count indictment with violations of: Mail Fraud (18 U.S.C., Section 1341), Wire Fraud (18 U.S.C., Section 1343), Securities Fraud (Title 15,

United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5,), Money Laundering (18 U.S.C., Section 1957), and Money Laundering Conspiracy (18 U.S.C., Section 1956(h)). The United States is also seeking forfeiture of the criminally derived proceeds.

The Government calculates defendant's possible sentencing level, using the 2016 version of the United States Sentencing Guidelines, to be as high as a level 29. This calculation presumes the sentencing court would find each of the possible specific offense characteristics and role in the offense enhancements to be applicable. Specifically, the defendant's base offense level under U.S.S.G. § 2B1.1 is 7. The offense level should be increased by 16 based on a loss that exceeds $1,500,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(I). The offense level should further be increased by 2 levels pursuant to U.S.S.G. § 2B1.1(b)(2)(A) for 10 or more victims. Two (2) Additional points are added under U.S.S.G. § 2S1.1 for money laundering. Moreover, 2 levels should be added because of defendant's role as a leader or organizer pursuant to U.S.S.G. § 3B1.1(c). This would place the defendant in a sentencing range of 87-108 months, a significant amount of time. This factor weighs heavily in support of detention.

The statutory maximum penalty for each count of wire fraud, mail fraud and securities fraud is twenty (20) years and a fine of $250,000. The Defendant faces potentially multiple counts of mail fraud and wire fraud. The defendant obtained more than $2 million from over 50 investors by falsely representing, among other things, that he was developing a glove technology and that he ran a legitimate glove developing business and that he was offering investors the opportunity to invest in Safety Tech stock. In reality, the company was operated as a fraudulent entity with little legitimate expenditures and realistically no operations. After the victim-investors sent money to the defendant he failed to invest the money as represented, but instead diverted investors' funds for the defendant's own personal use and benefit, including paying

4

personal expenses, his rent, restaurants, jewelry, and converting large amounts of the funds into cash.

### Weight of the Evidence

The Government asserts that the weight of the evidence against the defendant is overwhelming. The government has collected documents and witness statements proving that the defendant has made multiple mis-statements to numerous investors. These misstatements are repeated in the literature distributed by the defendant. In short, the government's case is strong and thus, the overwhelming amount of evidence militates strongly in favor of detention.

Furthermore, the potential punishment facing the defendant is also a significant factor to consider. As courts in this circuit have held, the severity of the punishment facing the defendant is a relevant factor which bears upon the risk of flight. *See United States v. Davidson*, No. 92 CR 35, 1992 WL 144641, at *6 (N.D.N.Y. June 18, 1992) (McCurn, C.J.). Here the defendant faces not only a significant statutory maximum but also under the Sentencing Guidelines, the defendant could face a sentencing range of 87-108 months in prison and a fine in the millions of dollars. This factor also weighs in support of detention.

### Personal History and Characteristics

The defendant ties to the community are slight. He is not married. He has been engaged on multiple occasions and is currently engaged to his co-defendant. He has only grown children, who live out of the district, and he owns no property. In short there is nothing to tie him to the District.

### Danger to the Community

Based on the significant evidence the Government has gathered in this matter, it is obvious that the defendant has been engaged in illegal conduct for a significant length of time. Were the defendant to be released on conditions, there is a significant likelihood that his illegal

conduct would continue; at a minimum in order for the defendant to support himself by obtaining and further spending fraudulently obtained proceeds. This illegal conduct about which the Government is concerned, includes the continued mail fraud, wire fraud and securities fraud in violation of Title 18 U.S.C. Sections 1341, 1343, and Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5. Thus, this defendant poses a real economic threat to the community.

Economic danger to the community is a basis for detention under the Bail Reform Act. *United States v. Delker*, 757 F.2d 1390, 1393 (3d Cir. 1985); *see also United States v. Reynolds*, 956 F.2d 192, 193 (9th Cir. 1992); *United States v. Vance*, 851 F.2d 166 (6th Cir. 1988) (discussing detention in a post-conviction context). In enacting the Bail Reform Act, Congress was concerned not only with potential harm to victims or witnesses, but with the safety of the "community as a whole." *Vance*, 851 F.2d at 169; Delker, 757 F.2d at 1393, 1398-99. As the court noted in *United States v. Harris*, "The danger against which a court must safeguard encompasses much more than the risk of physical violence. . . . Often it is economic or pecuniary interests of a community rather than physical ones which are most susceptible to repeated danger by a released defendant." 920 F. Supp. 132, 133 (D. Nev. 1996). *Cf. United States v. Masters*, 730 F. Supp. 686, 689 (W.D.N.C. 1990) (bail pending appeal – "Court believes it must also consider the danger of a person who continues to participate in possibly fraudulent schemes. . . .") As the defendant appears to have no current legitimate source of income and no significant ties to the community, the Government contends that were he to be released on conditions, he could further deplete the assets of his victim-clients and this would be an economic threat to the community of his investors - to the extent the SEC has not frozen the accounts. The Government asserts that were the defendant released to house arrest he would have access to the internet and thus could easily engage in some type of fraud and depletion of

any assets.

### Inability to Follow Courts' Orders

Notably, the Government is concerned with the Defendant's ability and willingness to follow the Courts' orders. Previously, in the related civil matter brought by the SEC the Court Ordered the defendant not to contact victims to seek to raise additional money from the victims. However, notwithstanding this Order the government has learned that the defendant solicited victim investors to submit funds to an associate on his behalf, he did this since "he" "himself" could not solicit funds and therefore he asked investors to send the fund to a third party. The investors were directed to send the funds to Erickson and or a third party. This indicates that the defendant is not willing to follow the Court's order and looks for sneaky ways to circumvent Orders of the Court.

Moreover, the Government is gravely concerned that the Defendant will reach out to victim-witnesses and seek to influence their testimony. The Government has identified recent emails where he has told victim investors that he is close selling his technology and he's only weeks away and that the SEC matter will all be resolved shortly. He continues to make false statements to victim-witnesses as recently as last month.

**Conclusion**

For the reasons set out above, the Government respectfully moves this Court to detain the defendant as there are no combination of conditions that could assure his appearance as required. If such a combination of conditions could be proposed, the Government would consider withdrawing or amending this motion.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

MICHAEL S. McGARRY
ASSISTANT U.S. ATTORNEY
Fed Bar No. ct ct25713
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
Email: Michael.McGarry@usdoj.gov

## CERTIFICATE OF SERVICE

      This is to certify that on March 9, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Michael S. McGarry
                                                MICHAEL S. McGARRY