UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:17cr47 (SRU) |
| VS. | |
| THOMAS CONNERTON | MARCH 22, 2018 |

## MOTION FOR CLARIFICATION

The Defendant Thomas Connerton moves for clarification of the Court's rulings at a telephone conference of February 16, 2018[1] as follows:

1. At such conference call with the Court and counsel, the Court ruled that any oral contact with Mr. Connerton and a witness require prior written approval from the witness and that "a lawyer, a paralegal or an investigator" be on the phone during such conversations. Any such conversation would not be subject to the attorney-client privilege.

Mr. Connerton would like to mail a letter or letters to certain of such witnesses[2] containing his position on case, discussing his invention and generally proclaiming his innocence among other things. He would like to have his counsel mail these letters directly as opposed to mailing them through Wyatt, where they would be subject to copying and inspection.

He is inquiring as to whether or not such a procedure, protecting his privacy and trial strategy would violate the Court's order as aforesaid.

2. At such conference call, both counsel and the court referred to such communication with his "investors". Certain persons on the government provided "investor list" were actually investors, while at least three persons on the list did not actually invest, but were

---

[1] A transcript of that call is attached as Exhibit A.
[2] Who consent in writing to contact with him

consultants to Mr. Connerton's company who assisted in the scientific or financial analysis of his invention, in return for an interest in the company.[3]

Mr. Connerton continues to pursue the patenting and marketing of his invention, and would like to be able to discuss various matters, both orally and in writing with such consultants without the restrictions and requirements imposed by the Court as aforesaid.

WHEREFORE, the Defendant requests that the Court clarify its prior orders of February 16, 2018 in the two regards as set forth above, to wit:

a. To allow him to mail materials to any of his investors who elect in writing to have contact with him, by mailings directly made by counsel; and

b. To allow him to communicate, either orally or in writing, to specifically identified consultants for his company without the requirements imposed by the court.

THE DEFENDANT

*/s/ Jonathan Einhorn*

JONATHAN EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FED. BAR ct 00163
203-777-3777
EINHORNLAWOFFICE@GMAIL.COM

---

[3] Dr. Mark DiLuna, Dr. Mark Russi and Ronald J. Fraser.

## CERTIFICATION

       I hereby certify that on this 22nd day of March, 2018, a copy of the foregoing pleading was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

                                /s/ *Jonathan J. Einhorn*
                                JONATHAN J. EINHORN