UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:17CR47(SRU) |
|---|---|
| v. | |
| THOMAS J. CONNERTON | September 3, 2018 |

### GOVERNMENT'S MOTION FOR AN ORDER PRECLUDING THE DEFENDANT'S EXPERT TESTIMONY

The Government moves this Court to preclude the testimony of defendant's expert, the existence of who was disclosed less than a week before the start of evidence in this trial and after the pre-trial conference. As discussed further below, there are numerous deficiencies with the defendant's eleventh-hour disclosure, including, among others, that the defendant has failed to notice sufficiently the expert's opinion or opinions or the basis of the expert's opinions.

Simply put, the defendant cannot call an expert without giving the Government the expert's opinion. As discussed below, the Federal Rules of Evidence simply do not permit a party to notice an expert and fail to give the opposing side the opinion about which that expert will testify. Moreover, the defendant has not disclosed what documentation related to this case the defendant's expert has reviewed to reach his opinion. Additionally, the defendant appears to be seeking testimony from an expert that would be cumulative to the testimony of fact-based witnesses who have significantly more relevant experience and actually authored the reports about which defendant's experts presumably will testify. Thus making his testimony cumulative, largely irrelevant, and confusing to the jury. Further, defendant's proposed expert, at least according to the sparse disclosure provided to date, will testify regarding matters that the jury is capable of understanding without expert interpretation, especially given the anticipated fact witnesses and potential cross examination of those fact witnesses.

1

Accordingly, and as set forth further below, the Government respectfully requests that the Court preclude the defendant's proposed expert testimony.

## I. BACKGROUND

On August 21, 2018, for the first time in this case, the defendant provided notice to the Government that he would like to call an individual as an "expert" as a defense witness. On August 23, 2018, five days before the start of evidence, the defendant filed his first disclosure notice and identified his expert by name with a resume. *See* ECF No. 160. As to his potential expert, the defendant submitted a cursory and legally inadequate summary of his anticipated testimony, stating simply that the expert would "review engineering reports from Intertek Testing, Killian Latex and *possibly others* to describe and explain to the jury the meaning of various test results as contained in such reports which will be offered as exhibits in this case." *Id.* (emphasis added). The disclosure further indicated that while the expert would "not render an opinion as to whether or not Mr. Connerton's technology is an improvement on current surgical gloves," he would be testifying that "certain of the tests were an improvement on the minimum required standards for surgical gloves under the ASTM." *Id.*[1]

## II. GOVERNING LAW

### A. Notice Required Under Rule 16(b)(1)(C)

Rule 16(b)(1)(C) provides in relevant part that "the defendant must . . . give to the Government a written summary of any testimony that the defendant intends to use under Rules

---

[1] The defendant also has not produced any disclosure related to his expert, including previous testimony, written reports, draft reports, or the other information as required by the Rules of Evidence. Notably the notice is, on its face, legally inadequate as it leaves open for interpretation what the expert relied on in forming his conclusions and what his conclusions will be. One cannot, at this point in time, simply state "possibly others" and consider that to be adequate disclosure. *See* Fed. R. Evid. 705; Fed. R. Cr. P.16(b)(1)(C).

702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Fed. R. Cr. P.16(b)(1)(C). "To satisfy the Rule, '[t]his summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'" *United States v. Ferguson*, 3:06CR137(CFD), 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007). An expert disclosure that "offers only a hint of [the] anticipated testimony" does not suffice. *See United States v. Cross*, 113 F. Supp. 2d 1282, 1286 (S.D. Ind. 2000).

The summary of expert testimony must disclose the opinions to be elicited by the defendants at trial, not merely "the general topics about which the expert will testify." *Ferguson*, 2007 WL 4539646, at *1; *see also United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (holding that government's notice in a narcotics case was insufficient: "The Rule requires a summary of the expected testimony, not a list of topics."); *United States v. Mahaffy*, No. 05–CR613, 2007 WL 1213738, at *3 (E.D.N.Y. Apr. 24, 2007) (finding that defendant's expert testimony would have been excluded from trial "because the disclosure statement only proffered general topics and did not describe any opinions that would be offered by the witness on these topics"); *United States v. Jasper*, 2003 WL 223212, at *3 (S.D.N.Y. Jan. 31, 2003) (disclosure should include "whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion") (quoting Fed. R. Crim. P. 16 advisory committee's note, 1993 Am.); *United States v. Birdsbill*, 243 F. Supp. 2d 1128, 1131 (D. Mont. 2003) (noting that defendant's Rule 16(b)(1)(C) disclosure was insufficient because it did "not actually state what [the expert's] opinion [was] but, rather, merely provid[ed] a test result"). This aspect of Rule 16(b)(1)(C) has not been complied with.

In disclosing the bases of any opinion testimony, a defendant must also disclose any underlying facts or data on which the expert's testimony relies. *See* Fed. R. Evid. 705 and

advisory committee's note, 1993 Am. ("This rule, which relates to the manner of presenting testimony at trial, is revised to avoid an arguable conflict with . . . revised Rule 16."). Rule 703 "require[s] that the trial judge act as an independent 'gatekeeper' to ensure that there is sufficient, credible evidence that experts do rely on the specified types of sources in formulating their opinions." *United States v. Corey*, 207 F.3d 84, 88, 89 (1st Cir. 2000) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 595-96 (1993)); *United States v. Stone*, 222 F.R.D. 334, 340-341 (E.D. Tenn. 2004) (It is the duty of the trial court to scrutinize the facts on which the expert relies). "[T]he summary required pursuant to . . . Rule 16(b)(1)(C) should cover 'not only written and oral reports, tests, reports and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal rule of Evidence 703, including opinions of other experts.'" *Jasper*, 2003 WL 223212, *3 (quoting Fed. R. Crim. P. 16 advisory committee's note, 1993 Am.); *see also United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (noting that required opinion summary must describe not only conclusion reached by expert, but must also state the reasons for conclusion).

"The purpose of [Rule 16(b)(1)(C)] is to 'minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Wilson*, 2006 WL 3694550, at *2 (E.D.N.Y. Dec. 13, 2006) (quoting Fed. R. Crim. P. 16 advisory committee's note, 1993 Am.). The rule contemplates that disclosing a "written summary" of the expert testimony will permit "more complete pretrial preparation" by the other party. *United States v. Naegele*, 468 F. Supp. 2d 175, 176 (D.D.C.2007) (quoting Fed. R. Crim. P. 16 advisory committee's note, 1993 Am.). The disclosure required by a defendant to permit the Government to effectively focus its cross-

examination varies depending on the complexity of the proposed expert testimony. *See United States v. Caputo*, 382 F. Supp. 2d 1045, 1049 (N. D. Ill. 2005) (citing *United States v. Jackson*, 51 F.3d646, 651 (7th Cir. 1995)). This aspect of the Rules has not been complied with.

Where a party has failed to sufficiently notice the basis for its expert's opinion, Rule 16(d)(2) gives the district court the discretion to order the non-complying party to remedy the deficiencies in its expert notice or to order other relief. *See Mahaffy*, 2007WL 1213738, at *2 (district court has "discretion . . . to determine the proper remedy") (quoting *Barile*, 286 F.3d at 758-59). That court may also preclude expert testimony "regarding any topics or opinions not properly disclosed." *Id*. (citing *Barile*, 286 F.3d at 758-59); *Naegele*, 468 F. Supp. 2d at 176; *Wilson*, 2006 WL 3694550, at *2.

### B. Experts May Not Opine On Lay Matters

Importantly, "[f]or an expert's testimony to be admissible under [Rule 703], . . . it must be directed to matters within the witness' scientific, technical, or specialized knowledge and not to lay matters which a jury is capable of understanding and deciding without the expert's help." *Andrews v. Metro North Commuter Railroad Co.*, 882 F.2d 705, 708 (2d Cir.1989) (citations omitted); *see also Grdinich v. Bradlees*, 187 F.R.D. 77, 82 (S.D.N.Y. 1999) ("Expert testimony is not admissible when it addresses lay matters which a jury is capable of understanding and deciding without the expert's help." (internal quotation marks omitted)). Indeed, the Advisory Notes of FRE 702 state: "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."

### C. Experts May Not Opine On The "Ultimate Issue"

Additionally, "an expert may opine on an issue of fact within the jury's province," but "he may not give testimony stating ultimate legal conclusions based on those facts." *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991); *see also Media Sport & Arts v. Kinney Shoe Corp.*, No. 95 Civ. 3901, 1999 WL 946354, at *3. Accordingly, the use of expert testimony "must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or to the role of the jury in applying that law to the facts before it." *Bilzerian*, 926 F.2d at 1294.

### D. Testimony Must Be Not Be Prejudicial, Confusing, Or Cumulative And Must Be Relevant

Finally, according to Rule 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Similarly, any testimony the defendants seek to introduce must be relevant. Per Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "To be relevant, evidence need not be sufficient by itself to prove a fact in issue, much less to prove it beyond a reasonable doubt." *United States v. Litvak*, 808 F.3d 160, 179–80 (2d Cir. 2015).

### III. ARGUMENT

The defendant offers David Quinlan as an expert and provides a brief summary on his anticipated area of testimony. For the following reasons, the Government objects to the defendant's legally inadequate disclosure and seeks to preclude his being called.

### A. The Defendant Fails to Identify or Disclose the Reports On Which His Expert Will Testify.

The defendant states that Mr. Quinlan will "review engineering reports from Interek Testing, Killian Latex and *possibly others* to describe and explain to the jury the meaning of various test results as contained in such reports which will be offered as exhibits in this case." (emphasis added). This disclosure is legally insufficient because the defendant has not informed the Government what Mr. Quinlan's conclusions or opinions are or will be at trial.

Moreover, this disclosure is legally insufficient because the defendant has not identified which reports Mr. Quinlan has reviewed or produced any other data or reports on which Mr. Quinlan will rely. *See* Fed. R. Cr. P.16(b)(1)(C). *See also Jasper*, 2003 WL 223212, at *3 ("[T]he summary required pursuant to . . . Rule 16(b)(1)(C) should cover 'not only written and oral reports, tests, reports and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal rule of Evidence 703, including opinions of other experts." (internal citations omitted)). The defendant has not presented a list of the reports reviewed, any description of those reports that would permit the Government to identify those reports, or any copies of those reports for the Government to review; and specifically as to the "other reports" referenced therein, the defendant has not identified the author(s) of those reports or source of those reports, or even whether those reports are relevant to Safety Technologies or Mr. Connerton's case. For this reason, the disclosure is also insufficient.

Moreover, the defendant has stated the proposed expert will explain to the jury the meaning of various test results as contained in such reports, but does not disclose which tests nor does he describe what his conclusions are or will be. There will be witnesses called from the various testing companies who not only performed the tests at the time, but who literally composed the reports. Counsel is free to ask the fact witnesses about the tests themselves and

7

the results of the tests. Those tests have been identified by bates number and exhibit number and have been provided to counsel and now the Court.

### B. The Defendant's Expert Is Not Qualified To Render An Expert Opinion Concerning the ASTM Standard for Surgical Gloves.

As presented in the defendant's notice, Mr. Quinlan is simply not qualified to offer testimony as to the 'meaning of test results' performed by Intertek, Killian Latex, or on the American Society for Testing and Materials ("ASTM") standards for surgical gloves as an expert. "Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has <u>superior knowledge</u>, <u>skill</u>, <u>experience</u>, or <u>education</u> with the subject matter of the witness's testimony." *United States v. Diallo*, 40 F.3d 32, 34 (2d Cir. 1994) (emphasis added) (quoting *United States v. Lewis*, 954 F.2d 1386, 1390 (7th Cir. 1992)). The defendant describes his proposed expert, Mr. Quinlan, as "a mechanical engineer" "with over 20 years of practical engineering experience both in business and in schools." However, neither the defendant's disclosure nor the accompanying resume of Mr. Quinlan references any knowledge or experience in the area of exam gloves, surgical gloves, or medical gloves generally; or natural or synthetic latex or related materials. Similarly, although the defendant discloses that Mr. Quinlan may discuss "current engineering standards such as the ASTM," there is no indication in Mr. Quinlan's resume or otherwise that he is even familiar with the ASTM standard or has ever applied that standard to any product, let alone how those standards can be applied in the area of medical or surgical gloves or with respect to natural or synthetic latex products. In other words, it is not clear whether Mr. Quinlan is even familiar with the ASTM standard, let alone has a "scientific, technical, or other specialized knowledge" related to those standards that would permit him to testify as an expert here. Fed. R. Evid. 702.

Instead, Mr. Quinlan's resume focuses on his work as a mechanical engineer for Timex, designing and constructing watch components, as well as teaching "photography" and "furniture design" at a local college. Moreover, while Mr. Quinlan appears to have been awarded a number of patents as an inventor, those inventions relate to his work on wristwatches and include various casings and bezels; in more recent years, his patents appear to relate to cleaning supplies, such as ceiling fan dusters and mop pads; again, Mr. Quinlan appears to have no skill in creating or working with products such as medical gloves, or involving latex or polyisoprene materials, or even other medical devices or protective devices.

Finally, he does not appear to have any specialized education or training in the area of medical gloves, latex, polyisoprene, or related materials. His credentials include only a bachelor's degree and a certificate that appears generally irrelevant to the science and technology behind medical gloves, natural or synthetic latex, or any similar materials or even medical products. He simply is not qualified on that basis to render an opinion in this case.[2]

---

[2] The Court should also consider that a number of the fact witnesses in the Government's case far out-qualify Mr. Quinlan in the area in which he is being disclosed to testify. For example, the Government anticipates calling as a fact witness David Schuck of Killian Latex. Mr. Schuck has worked in the latex industry since graduating from college in 1976, and has worked at Killian Latex, most recently as its Director of Technology, since 2001. Evidence will show that the defendant hired Killian Latex to perform tests and render conclusions concerning his latex glove idea and its performance relative to commercially available latex glove material. In that regard, not only is Mr. Quinlan not qualified to be an expert by comparison, but also his testimony will be cumulative to any information that Mr. Schuck will be able to testify to as a fact witness, as set forth in greater detail *infra*. It simply cannot be established that the proposed expert has superior knowledge, skill or education in comparison to the other witnesses identified. *See Diallo*, 40 F.3d 32, 34. Accordingly, it may well confuse the jury were the Court, in exercising its gate keeping function, to permit Mr. Quinlan to offer 'expert' testimony when he appears to possess less expertise that the fact witnesses.

**C. The Defendant's Expert's Testimony Would Be Cumulative, Confusing to the Jury, and May Be Rendering An Opinion on Matters That the Jury is Capable of Understanding Without Expert Interpretation.**

The defendant claims that his proposed expert will testify "in part" that "certain of the tests," not yet disclosed or identified, "were an improvement on the minimum required standards for surgical gloves under the ASTM." However, as far as the Government is aware, and as the defendant ostensibly already knows as he was the person who commissioned a number of the potentially relevant reports, this testimony will be cumulative to testimony available from the representatives of the entities that actually performed the tests. With respect to the tests alluded to by the defendant as coming from Killian Latex and Intertek, the Government has disclosed the names of the witnesses from those companies who will be testifying in its case in chief.[3] Therefore, there is simply no reason why the defendant would not be able to ask the individuals from Killian Latex and Intertek to discuss their findings, to include any observations concerning how the defendant's glove material performed relative to the ASTM standards for surgical gloves. Indeed, it was the defendant himself (not current defense counsel) who hired both Killian Latex and Intertek to perform testing on the products and to compare the results of those tests with the standards for medical gloves under the ASTM. It is therefore unnecessary for a recently retained expert to provide duplicative and cumulative evidence to the jury.

---

[3] Connerton also has access to the fact witnesses who are working with the purported "technology." Notably, the Government has recently learned that Mr. Connerton (himself) had been in contact with representatives from Killian Latex, and has engaged them to create additional square samples of his glove material. He has done this without the presence of his counsel or investigator. First, this contact with witnesses was in violation of this Court's Order that he not contact with trial witnesses without the presence of counsel. Second, with respect to this motion, the communication suggests that Connerton has ready access to fact witnesses concerning his glove material and the tests performed on that material such that calling an expert witness would be nothing more than an attempt to layer on duplicative testimony wrapped in the imprimatur of the term expert. This is likely to confuse the jury and waste the Court's time.

An expert witness is also not needed in this case, since the reports at issue to not pertain to some scientific or technical findings and do not contain any specialized knowledge for the jury to understand the evidence or determine a fact at issue. The defendant claims that Mr. Quinlan is going to testify that "certain of the tests were an improvement on the minimum required standards for surgical gloves under the ASTM." However, at least as to the reports generated by Killian Latex, the reports to which Mr. Quinlan may be expressing an opinion, already have the conclusion in them. The tests themselves are better evidence than a paid opinion about the tests. For example, a report from Killian Latex dated November 9, 2015 states that testing was completed on a number of the defendant's samples and makes the following statement "None of the films containing the aluminas in this study would pass the current natural latex glove standards for tensile properties . . . [h]owever, the natural latex-based variations containing the alumina powders would just barely pass the specifications for the synthetic gloves…." Several additional reports prepared by Killian Latex for the defendant reflect similar statements.

Although the defendant has not disclosed the specific reports on which his expert will be testifying or rendering an opinion concerning the performance of his glove material related to the latex and synthetic glove standards, *see supra*, if the reports include similar materials, the Government objects to the expert rendering an opinion on those test results because they would be duplicative of the testimony of the fact witness who will introduce those reports, and because an expert is not needed to interpret such statements for the jury.

Finally, the proposed expert's area of testimony will confuse or mislead the jury without providing any probative value. *See* Fed Rs. Evid. 401, 403. Based on the defendant's filings– and not because he has explained it in his notice–the Government surmises that the defendant wishes to have an expert interpret some of his testing results differently, or possibly more

11

favorably, than the original results. However, such attempt to do so would be irrelevant here. The relevant inquiry is what the defendant was told about the testing at the time they were completed, so the jury can compare that information with what he told investors about those test results. Accordingly, attempting to draw distinctions between the testing results now and the testing results at the time they were prepared and communicated to him, serves no purpose but to confuse or mislead the jury.

## IV. CONCLUSION

Accordingly, the Government respectfully requests that the Court preclude the defendant's proposed expert testimony. Alternatively, the defendant should be required to provide more robust and legally adequate disclosure.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/Lauren C. Clark*
LAUREN C. CLARK
Assistant United States Attorney
Federal Bar No. phv09365
157 Church Street, 25th Floor
New Haven, CT 06510
Tel. (203) 821-3700

MICHAEL S. MCGARRY
Assistant United States Attorney
Federal Bar Number ct25713
157 Church Street, 25th Floor
New Haven, CT 06510
Tel. (203) 821-3700

## CERTIFICATION

I hereby certify that on September 3, 2018, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Lauren C. Clark*
LAUREN C. CLARK
ASSISTANT UNITED STATES ATTORNEY