UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                    DOCKET NO. 3:17cr47 (SRU)

VS.

THOMAS CONNERTON                            SEPTEMBER 10, 2018

## DEFENDANT THOMAS CONNERTON'S PROPOSED REQUESTS TO CHARGE

      The Defendant, Thomas Connerton, by and through his undersigned counsel, hereby submits these requests to charge the jury in this matter.  Mr. Connerton respectfully reserves his right to modify these charge requests or to submit additional requests after evidence has been completed.  *See* 3 ABA Standards for Criminal Justice, Trial by Jury § 15.3.6(b) (2d ed. 1980) (jury should be instructed in accord with the needs of the individual case); *see also Taylor v. Kentucky*, 436 U.S. 478 (1978) (defendant's due process rights implicated by jury instructions).

# I. **PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF**

Although Mr. Connerton has been indicted, you must remember that an indictment is only an accusation. It is not evidence. Mr. Connerton has pled not guilty to each of the counts against him in the Indictment.

The law presumes the defendant to be innocent of the charges against him. The burden is on the Government to prove the guilt of the defendant beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. For that reason, you must presume that the defendant is innocent throughout your deliberations until such time, if any, that you as a jury are satisfied that the Government has proved the defendant's guilt beyond a reasonable doubt.

In short, the defendant began the trial with a clean slate and no evidence against him, and this presumption of innocence alone is sufficient to acquit him unless, after careful and impartial consideration of all the evidence in this case, you as jurors are unanimously convinced beyond a reasonable doubt of his guilt.

It is not required that the Government prove guilt beyond all possible doubt. Proof beyond a reasonable doubt is sufficient to convict. A reasonable doubt is not a caprice or whim; it is not speculation or suspicion or sympathy. Reasonable doubt is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence, or lack of evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a

2

reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The mosaic of evidence that constitutes the record before you may include both the evidence and the lack of evidence. Any absence of evidence may provide the reasonable doubt upon which a jury decides to find a defendant not guilty.

If, after fair and impartial consideration of all of the evidence, you have a reasonable doubt on any element of any of the crimes charged against a defendant, it is your duty to acquit him on that crime. On the other hand, if after fair and impartial consideration of all of the evidence, you are satisfied of a defendant's guilt beyond a reasonable doubt, you should vote to convict him on that particular count.

If you view the evidence in this case as a "toss-up" or reasonably permitting either of two conclusions – one of "not guilty" and the other "guilty" – then of course you must find that Mr. Connerton is not guilty.

Authority: modified from the charge given in *United States v. Perrotti*, 3:14 cr-215 (JAM), D. Conn. July 23, 2015), *see also* Sand Instr. 4-2.

## 2.   __REASON FOR REASONABLE DOUBT STANDARD__

In applying the reasonable doubt standard, it may be helpful for you to have a proper understanding of its purpose in our criminal justice system.  The reasonable doubt standard is said to be the hallmark of our nation's justice system.  A person who is convicted of a crime faces the possible loss of liberty and damage to his personal reputation in the community.  Our nation and our society value the freedom of every individual and, therefore, our Constitution mandates that a person should not be condemned for commission of a crime where there is a reasonable doubt as to any element of the alleged crime.  That system would lose the respect of the people if it made them wonder whether innocent persons are being convicted.  The reasonable doubt standard reinforces the goal of our free society, that every individual going about his or her ordinary affairs can have confidence that the government cannot adjudge an individual guilty of a criminal offense without convincing a proper fact finding body, such as yourselves, of his guilt beyond a reasonable doubt.

<u>Authority</u>:     *In re Winship,* 397 U.S. 358 (1970)

4

### 3.    **INDICTMENT**

As you know the charges against Mr. Connerton are contained in an indictment. An indictment is not evidence. It is proof of nothing.  It is merely an accusation giving notice to the defendant of the charges against him and informs the Court and the public of the nature of the accusation.   The number of charges is not evidence of guilt and should not influence your decisions in any way. The defendant has pleaded not guilty and is presumed to be innocent of the charges. Even after this indictment is returned against him, he begins this trial with absolutely no evidence against him. In fact even if you find that the government has proven all of the factual allegations it listed in the indictment, after reviewing all the evidence in this case and listening to my instructions on the law, you may decide that a defendant is not guilty of the charges in the indictment.

You must, as a matter of law, consider each count of the indictment and the defendant's involvement in that count separately, and you must return a separate verdict for each count in which he is charged. You must consider each count separately and return a separate unanimous verdict of "not guilty" or "guilty" as to each count. Whether you find the defendant not guilty or guilty on one count must not affect your verdict as to another count or another defendant.


Authority: Modified from Sand, Instr. 3-1

5

**PROPOSED JURY INSTRUCTION NO. 4**
**ROLE OF COUNSEL**

If you formed an opinion of any kind as to any of the lawyers in the case – favorable or unfavorable, whether you approved or disapproved of their behavior as advocates – that should not enter into your deliberations. The personalities and the conduct of counsel in the courtroom are not in any way at issue.

Please understand that a lawyer has an obligation to object when opposing counsel asks a question of a witness that the lawyer thinks is improper or offers evidence that the lawyer thinks is inadmissible. You are not to concern yourselves with why a lawyer made an objection or why I ruled in the manner I did.

During the course of the trial, I may have had to raise my voice at or reprimand an attorney. You should draw no inference from that. It is the duty of attorneys to offer evidence and press objections on behalf of their clients. A lawyer also has a right to ask for a conference with the judge outside the hearing of the jury. You should not show any prejudice against a party because an objection was made or a conference was requested outside your hearing.

It is my function to cut off counsel from an improper line of argument or questioning or to strike offending remarks when I think it is necessary. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer – the issue is whether or not the government has sustained its burden of proving guilt beyond a reasonable doubt.

Authority: Modified from Sand, Instr. 2-8, 2-9 and charge given in *United States v. Smith*, 12-cr-105 (RNC) (D. Conn. Jan. 13, 2014), ECF No. 1379, at 27-28.

6

## PROPOSED JURY INSTRUCTION NO. 5
## ALL PERSONS EQUAL BEFORE THE LAW

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. That this case is brought in the name of the United States does not mean that the government is entitled to greater consideration than that accorded to Mr. Flotron. By the same token, the government is entitled to no less consideration; rather, both parties, the government and Mr. Flotron, stand as equals under the law and must be treated as equals by the jury.

Moreover, the question before you can never be: Will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: Modified from charge given in *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 33; *see also* Sand, Instr. 2-5.

## PROPOSED JURY INSTRUCTION NO. 6
## CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the conspiracy statute and how it breaks down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime. Instead, you are required to break the conspiracy count down to the elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

Authority: Modified from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29, *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103 and *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 39; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 7
## GOOD FAITH DOCTRINE

The good faith of a defendant is a complete defense to the charge in the indictment because good faith on the part of a defendant is, simply, inconsistent with a finding of fraudulent intent and willfulness.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statute relevant to this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct. Accordingly, a person who acts, or causes another person to act, based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns to be inaccurate, incorrect or wrong.

This law is intended to subject to criminal punishment only those people who knowingly and willfully conspire to defraud. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with the law. Evidence of a defendant's good faith belief can take many forms, including statements, behavior, actions, and even inaction by his supervisors, other supervisors, compliance officers, other traders, counterparties, and other authorities. You can also consider evidence of a defendant's training or lack of training regarding the trading strategies in this case.

If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. A person who believes in good faith that his actions comply with the law cannot be found guilty of a crime.

9

In determining whether or not the government has proven that the defendant acted in good faith or knowingly and willfully conspired to commit commodities fraud, you must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant knowingly and willfully entered into an agreement to commit commodities fraud. If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted in good faith, the government has not met its burden of proving guilt beyond a reasonable doubt and you must find the defendant not guilty.

Authority: Modified from 2A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 47:16 (6th ed. West 2018) (hereinafter "O'Malley"), Sand, Instr. 8-1.

## PROPOSED JURY INSTRUCTION NO. 8
## LARGE SUMS OF MONEY

The testimony and the exhibits in this trial were connected with large financial transactions – but that fact alone has nothing to do with whether or not the government has proven the elements of the charged offense beyond a reasonable doubt.

The fact that the transactions in this case may have involved large sums of money does not mean that the defendant is held to a greater standard of conduct than had the case involved smaller sums of money.

The presumption of innocence applies to every defendant in every case equally without regard to the number of dollars involved in any transaction.

Authority: Modified from the charge given in *United States v. Ghavami et al.*, No. 10-cr-1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278, at 58-59.

11

## 9. "MATERIALLY FALSE OR FRAUDULENT"

If you find that the defendant made a false or fraudulent representation, you must determine whether that representation related to a material fact or matter. A material fact is one which, under the circumstances, would reasonably be expected to be of concern to a reasonably prudent person in relying upon the representation or statement in making a decision (for example, with respect to a proposed investment). Thus, you should consider whether the statement under consideration is one that a reasonable person might have considered in making his or her decision. Your consideration of materiality must be based on the facts existing when the alleged representations were made. Materiality cannot be judged by hindsight.

## 10. **WITNESS CREDIBILITY - GENERAL**

Your decision whether or not to believe a witness may depend on how that witness impressed you, applying these factors and your common sense. How much you choose to believe a witness may be influenced by the witness's bias. Also bear in mind that people sometimes forget things. A contradiction within a witness's testimony or between witnesses may be the result of an innocent lapse of memory, or it may be an intentional falsehood. Similarly, different people observing an event may testify about it differently; they may do so because they remember it differently, or because one of them is not being truthful. Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. If you find that a witness has knowingly testified falsely concerning any matter, you have a right to distrust the testimony of such an individual concerning other matters. You may reject all the testimony of that witness or give it such weight or credibility as you may think it deserves.

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor or because of the inherent improbability of his or her testimony or for other reasons sufficient to you, that such testimony is not worthy of belief.

The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of guilt, if you believe that the witness has truthfully and accurately related what in fact occurred. Conversely, the testimony of a single witness may produce in your minds reasonable doubt as to the existence of an essential element of an offense.

You must decide what is the most accurate, credible, trustworthy, and reliable evidence. The weight of the evidence as to a particular fact is not determined by the number of

13

witnesses or exhibits. It is the quality of the evidence that supports a finding as to a particular fact that should control.

In sum, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the information and explanations given, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her testimony. In deciding questions of credibility, remember that you should use your common sense, your good judgment, and your experience. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Taken from charge given in *United States v. Oreckinto*, 3:16cr26 (JAM) (D.Conn. Feb. 13, 2017)

11. <u>FALSE IN ONE, FALSE IN ALL</u>

If you believe that a witness knowingly testified falsely concerning any matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

<u>Authority</u>: See *Sims v. Blot*, 354 F.App'x 504, 506 (2d Cir. 2009) (unpublished) ("It was not error for the Court to give this instruction [*falsus in uno*] to the jury. This Court has never held that giving this instruction constitutes error.") (citing *United States v. James*, 239 F.3d 120, 122 n.2 (2d Cir. 2000)).

## 12. **NUMBER OF WITNESSES**

Sometimes jurors wonder if the number of witnesses who testified makes any difference. Your decision on the facts of this case should not be determined by the number of witnesses. The weight of the evidence is not determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a single witness or a few witnesses as to any particular fact is more credible than the testimony of a larger number of witnesses to the contrary. Remember, you should not accept the testimony of any witness who you find not to be credible, even if the witness has not been contradicted or impeached. It is up to you to decide which witnesses to believe. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

Please keep in mind that the burden of proof is always on the Government; Mr. Connerton was not required to call any witnesses or offer any evidence, nor was he required to testify, because he is presumed to be innocent.

Authority:    taken from the charge given in *United States v. Zrallick*, 3:10cr68 (JCH) (D.Conn. Dec. 1, 2010.

### 13. **TESTIMONY OF LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement agents. The mere fact that a witness is a law enforcement officer does not in and of itself mean that his testimony is deserving of more or less consideration or greater or lesser weight. It is quite legitimate for either side to try and attack the credibility of witnesses who are law enforcement officers or other government officials on the grounds that their testimony may be colored by personal or professional basis or interest in the outcome of the case. When you consider such testimony, you should use the same tests for truthfulness that you use with other witnesses.

Authority: Taken from charge given in *United States v. Oreckinto*, 3:16cr26 (JAM) (D.Conn. Feb. 13, 2017), see also Sand Instr. 7-16.

## 14. **DEFENDANT'S TESTIMONY**

Under our constitution, Mr. Connerton has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove guilt beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to Mr. Connerton. The defendant in a criminal case never has to prove that he is innocent.

In this case,  Mr. Connerton did testify and was subject to cross-examination like any other  witness. You should evaluate his testimony in accordance with the instructions I have given you earlier in this charge concerning witnesses.

Authority: Modified from charge given in *United States v. Oreckinto*, 3:16cr26 (JAM) (D.Conn. Feb. 13, 2017), see also sand Instr. 5-21.

15. **MEDIA COVERAGE**

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report which you have read in the press, or seen or heard on television, the radio, or the internet.

You are in the best position of anyone to listen to what the witnesses testify to.  You will see these witnesses sworn.  You will hear them on direct examination and every word that is said.  You will hear them on cross-examination and every word that is said.  Certainly, there isn't anything that anyone can print, say over the radio, television or internet that would give you more information than what you hear from the witnesses in this courtroom and such exhibits as come into the case under prescribed rules.

Often, the news media will report such matters which they deem are significant when truly they are not significant, and often a writer will emphasize a point which may even distort the testimony of a key witness, and sometimes, in stories about a trial, there are even inaccuracies.

You are instructed not to read, listen to, or watch reports concerning the case.  If you should involuntarily see an item, disregard it and put it out of your mind. The fact is that from your seat you are in the best position to hear and see what goes on here, and you get only the evidence you are entitled to take into account in deciding the fact issues in the case.

## Authority

Modified from 1-2 Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, § 2.01, Instruction 2-16 (Matthew Bender).

## 16.    **NO SURMISE OR CONJECTURE**

You are to decide this case and the issues presented by the charge in the indictment solely on the basis of admissible evidence presented during this trial. You are not to take into consideration any evidence which I struck from the record or which I have instructed you to ignore. Nor are you to take into consideration as evidence any statements or objections on the part of the attorney in this case. Additionally, you must carefully and scrupulously avoid any reliance in deciding this case on guesses, intuition, surmise, or conjecture which you may have formed apart from the evidence.

Authority:    *Devitt and Blackmar, Federal Jury Practice and Instructions, 10.13.*

17. THE MONEY LAUNDERING STATUTE DOES NOT CRIMINALIZE THE MERE SPENDING OF PROCEEDS OF SPECIFIED UNLAWFUL CONDUCT.

If you find that the use of monies by Mr. Connerton even if stemming from unlawful conduct, consisted of purchases for family expenses and business expenses, and was not hidden or concealed, then you cannot find him guilty of the money laundering charge.

Absent intent to conceal, an ordinary purchase made with ill-gotten gains does not violate the money laundering statute.

Authority:       *United States v. Stephenson*, 183 F.3d 110, 120-121 (2d Cir., 1999).

18. APPLICATION OF THE SEC INVESTIGATION.

You have heard evidence of an SEC civil investigation into Safety Technologies LLC and Thomas Connerton. I charge you that you cannot use the fact of that there was such a civil investigation in any way as proof of the guilt of Mr. Connerton in this case. You may however consider as evidence in this case, evidence offered from that particular civil case, but not the fact of such an investigation. The government must prove Mr. Connerton guilty beyond a reasonable doubt in this criminal case by a much higher standard of proof in this criminal case, than applies in a civil case.

**_19._** NATURE OF THE CRIME

It would be improper for you to allow any feelings you have about the nature of the crimes that are charged here to influence your decision-making process. Regardless of the nature of the crime that has been charged in this case, your verdict must be based exclusively upon the evidence or the lack of evidence concerning whether Mr. Connerton is guilty or not guilty of the crimes that have been charged,

Authority: Charge given in _United States v. Oreckinto_, 3:16cr26 (JAM) (D.Conn. Feb. 13, 2017).

THE DEFENDANT, THOMAS CONNERTON

_/S/ Jonathan J. Einhorn_

JONATHAN J. EINHORN
129 WHITNEY AVENUE
New Haven, CT   06510
(203) 777-3777
Fed Bar No. ct 00163

## CERTIFICATION

I hereby certify that on this 10th day of September, 2018, a copy of the foregoing Requests to Charge was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN